COMMERCIAL PRESS & WAREHOUSE   :     NO. 8819
         COMPANY

                      :     COURT OF APPEAL FOR THE

         VS

                         PARISH OF ORLEANS

MORRIS FEITEL

               :  :  : √ :  :  :

WILLIAM A. BELL, JUDGE

FEBRUARY 5, 1923.

Court of Appeal
Parish of Orleans

5/23
-1-

8819

168

Opinion by WILLIAM A. BELL, Judge.

Plaintiff sues defendant for damages to the roofs of its two certain cotton warehouses in this city contiguous to the old water-works plant, which defendant was demolishing by dynamite blasts. It is charged that because of defendant's negligence in the conduct of the said dynamite operations, bricks and other debris were blasted and thrown on to plaintiff's property, resulting into perforation of the roofing on plaintiff's buildings, the repairing of which cost plaintiff $118.17, the amount herein sued for. Exceptions of vagueness and no cause of action were coupled with defendant's answer, in which he admits conducting blasting operations on the locality mentioned and also avers that he offered to repair the damage claimed, if any were suffered, but denied that said damage was due to any negligence on his part. He further alleges that had he been permitted to repair the damage, same could have been done for a nominal amount and for very much less than the sum sued for, which he claims is excessive. It is also urged by supplemental answer that plaintiff failed to put him in default before having the repairs made. This is an action ex delicto and such contention is without merit. Defendant appeals from a judgment as prayed for.

We find no vagueness in the allegations of plaintiff's petition. Defendant's counsel argues that the petition fails to support a cause of action in that negligence, though averred, is not specified sufficiently to charge defendant with definite acts of omission or commission by which liability could arise. Where one, to the prejudice of his neighbor, engages in operation or works of such a nature as might ordinarily result in damages to others, the manner of conducting

such work is peculiarly within the knowledge of the operator and necessarily imposes on him the burden of proving, without being charged with specific acts, that through no negligence or fault of his has the damage arisen. Lykiardopaulo v. N.O. & C. R. Light & Power Co., 127 La., P. 310. There is abundance of authority to the effect that while the use of dynamite is not in itself an act of negligence per se, he who elects to employ the same as a matter of convenience in demolishing buildings in a populated district must respond to damages resulting from the use of dynamite or other explosive whether or not said damages were due to negligence on the part of the user. This doctrine is clearly stated in 25 C.J., P. 192, as follows:

> "One lawfully engaged in blasting operations, is, according to the weight of authority, liable without regard to the question of whether or not he has been negligent, whereby his acts in casting rocks or other debris upon adjoining or neighboring premises or highways, he causes direct injury to property-* * *"

See also 34 L.R.A. (N.S.) P. 211, 212; 11 R.C.L., Section 27, P. 673.

The City Engineer, one of defendant's own witnesses, has conclusively established that the blasting operations which caused the damage in this case were improperly or at least injudiciously conducted, and the sole question for determination now is the amount which should be allowed as reimbursement for the nedessary repairs. No evidence of which this Court should take cognizance has been adduced at the trial in the lower Court to support defendant's contention that the extent of the repairs were unnecessary or that the charge therefor was excessive. There is positive proof that almost immediately after the work was completed, defendant was allowed to have the same inspected and was given an opportunity to pay the

170

bill rendered for the repairs. This is all the consideration which could reasonably have been accorded him, and he having failed in the trial of this case to prove the unreasonableness of the price paid for the repairs, we are of the opinion that he has been justly taxed therefor in the judgment of the trial Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is affirmed at defendant's costs in both courts.

FEBRUARY 5, 1923.                    JUDGMENT AFFIRMED.